UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GEORGE HIGGINS, <br><br> Plaintiff, <br><br> v. <br><br> AMERISTAR CASINO EAST CHICAGO, LLC d/b/a Ameristar Casino Hotel East Chicago a/k/a Ameristar, <br><br> Defendant. | CAUSE NO.: 2:21-CV-206-TLS-JEM |

**OPINION AND ORDER**

On July 1, 2019, the Plaintiff George Higgins tripped and fell as he was walking from the parking lot to the Ameristar Casino entrance. His Complaint [ECF No. 1] alleges a premises liability claim against the Defendant Ameristar Casino East Chicago, LLC. This matter is now before the Court on the Defendant's Motion for Summary Judgment [ECF No. 26]. The Plaintiff did not file a response, and the time to do so has passed. Because there is no genuine dispute of material fact for the jury, the Court grants the Motion for Summary Judgment.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant may discharge this burden by "showing that there is an absence of evidence supporting an essential element of the non-moving party's claim." *Hummel v. St. Joseph Cnty. Bd. of Comm'rs*, 817 F.3d 1010, 1016 (7th Cir. 2016) (citation omitted). In response, the non-movant "must make a sufficient showing on every element of his case on which he bears the burden of proof; if he fails to do so, there is no issue for trial." *Yeatts v.*

*Zimmer Biomet Holdings, Inc.*, 940 F.3d 354, 358 (7th Cir. 2019) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). In ruling on a motion for summary judgment, a court construes all facts and draws all reasonable inferences in the light most favorable to the nonmoving party. *Id.* (citation omitted). A court's role is "to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994) (citations omitted).

## MATERIAL FACTS

The Plaintiff's Complaint alleges that he "tripped and fell on a portion of defective sidewalk" at or near the entrance of the Ameristar Casino on July 1, 2019. Compl. Count I, ¶ 4, ECF No. 1. The Plaintiff was walking through the Ameristar parking lot, and no one was walking on either side of him. Def. Ex. B, 39:1–22, ECF No. 27-2. When the Plaintiff "got to the sidewalk," he stumbled. *Id.* at 41:4–7. His deposition includes the following exchange:

> Q: Okay. So had one foot even made it fully on to the sidewalk?
> A: It is a possibility. It's a possibility.
> Q: So correct me if I am wrong, please. You are walking on the—(indicating) well, the ground of the parking lot?
> A: Yes.
> . . .
> Q: You are approaching the curb of the sidewalk?
> A: Yes.
> Q: Okay. As you step up from the—Excuse me—from the parking lot to the sidewalk (indicating) is that when you tripped?
> A: Yeah.
> Q: . . . So you had not yet even begun walking along the sidewalk; is that correct?
> A: I was approaching the sidewalk when I fell.
> Q: Got you.
> A. That's when I fell on the sidewalk.

*Id.* at 41:8–42:3.

When asked what may have caused him to trip, the Plaintiff testified that "it had to be something." *Id.* at 42:4–6. He testified, "It had to have been the sidewalk. I don't know nothing

2

else that it could have been." *Id.* at 43:23–25. The Plaintiff does not know if he looked around after he fell to see if there was anything about the sidewalk that may have caused a problem. *Id.* at 42:25–43:5.

After he fell, the Plaintiff called out to his nephew David who was walking ahead of him because David did not know the Plaintiff had fallen. *Id.* at 39:19–22, 45:2–6; *see also* Def. Ex. C, 33:17–25, ECF No. 27-3. The Plaintiff's son Howard did not see the Plaintiff fall as Howard was inside the Ameristar Casino building when he learned the Plaintiff had fallen outside. Def. Ex. D, 24:11–24, ECF No. 27-4. The Plaintiff's wife did not see the Plaintiff fall as she was also inside the Ameristar Casino building when she learned the Plaintiff had fallen outside. Def. Ex. E, 18:4–10, 14–15, ECF No. 27-5.

## ANALYSIS

Seeking summary judgment in its favor, the Defendant argues that the Plaintiff has offered no evidence that the Defendant breached its duty to the Plaintiff as a business invitee. In this diversity action, the Court applies Indiana substantive law. *Webber v. Butner*, 923 F.3d 479, 482 (7th Cir. 2019).

A plaintiff bringing a claim of negligence must prove that the defendant owed the plaintiff a duty, the defendant breached that duty, and the plaintiff suffered an injury proximately caused by the breach. *Ryan v. TCI Architects/Eng'rs/Contractors, Inc.*, 72 N.E.3d 908, 913 (Ind. 2017). The plaintiff must designate specific factual evidence, which includes reasonable inferences drawn from that evidence, on each element of the negligence claim. *Lowrey v. SCI Funeral Servs., Inc.*, 163 N.E.3d 857, 861 (Ind. Ct. App. 2021) (citing *Hayden v. Paragon Steakhouse*, 731 N.E.2d 456, 458 (Ind. Ct. App. 2000)).

The Defendant does not dispute that the Plaintiff's status as a business invitee on the Defendant's property imposed on the Defendant a duty to exercise reasonable care for the Plaintiff's protection. *See Burrell v. Meads*, 569 N.E.2d 637, 639–40 (Ind. 1991) (describing duties owed by landowner); *Douglass v. Irvin*, 549 N.E.2d 368, 369 (Ind. 1990) (recognizing the common law duty of a landowner to maintain its property in a reasonably safe condition for business invitees). Under this standard, the Defendant is

> subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, [it:]
>
> > (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> >
> > (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> >
> > (c) fails to exercise reasonable care to protect them against the danger.

*Burrell*, 569 N.E.2d at 640–41 (quoting Restatement (Second) of Torts § 343 (1965)); *Lowrey*, 163 N.E.3d at 861–62.

Regarding known or obvious dangers, Section 343A of the Restatement (Second) of Torts provides that "[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." Restatement (Second) of Torts § 343A(1); *see Lowrey*, 163 N.E.3d at 862 (applying § 343A).

The Defendant argues that summary judgment is warranted because the Plaintiff cannot offer anything more than speculation and conjecture regarding the cause of his fall. Indeed, the record contains no evidence of a dangerous condition. The Plaintiff testified that he does not know why he fell. No one saw the Plaintiff fall. The Plaintiff has not responded to the instant

4

motion and, thus, has not attempted to offer evidence of a dangerous condition or how the Defendant failed to exercise reasonable care to protect the Plaintiff. Notably, an inference of breach "is not reasonable when it rests on no more than speculation or conjecture," *Hayden*, 731 N.E.2d at 458 (affirming summary judgment in favor of the restaurant when the plaintiff testified that he suspected that he slipped on something but did not know exactly what caused the fall). Because there is no evidence of any condition that may have caused the Plaintiff's fall, the Court grants the motion for summary judgment.

## CONCLUSION

For the reasons set forth above, the Court hereby GRANTS the Defendant's Motion for Summary Ruling [ECF No. 31], GRANTS the Defendant's Motion for Summary Judgment [ECF No. 26], and DENIES as moot the Defendant's Motion to Dismiss for Failure to Prosecute Pursuant to Federal Rule 41(b) [ECF No. 32]. As a result, the Court DIRECTS the Clerk of Court to enter judgment against the Plaintiff George Higgins and in favor of the Defendant Ameristar Casino East Chicago, LLC.

SO ORDERED on April 3, 2023.

       s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT